## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAN SANDERS,

                Appellant,

       v.

DEPARTMENT OF THE INTERIOR,

                Agency.

DOCKET NUMBER
SF-531D-12-0684-C-1

DATE: September 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dan Sanders, Lodi, New Jersey, pro se.

Kevin D. Mack, Esquire, Sacramento, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](5 C.F.R. § 1201.115)). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant filed an appeal with the Board on July 23, 2012, challenging his performance appraisal rating and alleging that the agency had improperly denied his within-grade increase, effective March 25, 2012. *Sanders v. Department of the Interior*, MSPB Docket No. SF-531D-12-0684-I-1, Initial Appeal File (IAF), Tab 2, Tab 4, Subtabs 4b, 4h. On November 19, 2012, the parties entered a written settlement agreement resolving both the appellant's Board appeal and an informal equal employment opportunity (EEO) complaint that the appellant had filed with the agency's EEO office. IAF, Tab 18. The settlement agreement provided that the agency would take the following actions within 30 days of the execution of the agreement: (1) change the appellant's performance ratings for fiscal years 2010-2011 and 2011-2012 to "fully successful"; and (2) change the appellant's step level from 4 to 5, effective July 25, 2012, thus entitling the appellant for back pay for earnings owed back to that date. IAF, Tab 18 at 4. In addition, the agreement provided that the appellant would report to a different supervisor and would attend two sessions on

supervisory training. *Id.* at 5-6. The agreement also provided that the appellant would withdraw his pending Board appeal and his informal EEO complaint. *Id.* at 3.

¶3	The administrative judge issued an initial decision dated November 21, 2012, dismissing the appeal as settled and entering the agreement into the record for enforcement purposes. IAF, Tab 19, Initial Decision (ID). The administrative judge found that the settlement agreement was lawful on its face, that the parties had freely entered into the agreement and understood its terms, and that the agreement met the criteria for inclusion in the Board's record. ID at 2. The initial decision dismissing the appeal as settled became final on December 26, 2012, when neither party filed a petition for review. ID at 2.

¶4	The appellant filed this petition for enforcement on July 15, 2013, alleging that the agency had breached the settlement agreement by failing to change his performance rating within 30 days of the execution of the settlement agreement, and by harassing him on an ongoing basis. *Sanders v. Department of the Interior*, MSPB Docket No. SF-531D-12-0684-C-1 (C-1), Compliance Appeal File (CAF), Tab 1. In particular, the appellant alleged that the agency harassed him by placing him on administrative leave, proposing his removal, and ultimately forcing him to transfer to another agency in order to "get out of [his] negative work environment." CAF, Tab 1 at 1-4, Tab 7 at 1-7. In support of his harassment claim, the appellant further alleged that his new supervisor instructed him not to send emails to his former supervisor. CAF, Tab 11 at 2.

¶5	The administrative judge issued a compliance initial decision denying the petition for enforcement. CAF, Tab 13, Compliance Initial Decision (CID). She found that, although the agency complied with the provision of the agreement requiring it to change the appellant's performance ratings outside the period specified in the settlement agreement, the agency had nonetheless ultimately complied with that provision of the agreement. CID at 4-5. She also found that the appellant had not established a breach of the settlement agreement in

connection with any alleged harassment.  CID at 5-8.  The appellant has filed a petition for review of the compliance initial decision.  C-1, Compliance Petition for Review (CPFR) File, Tab 1.¶.

## ANALYSIS

¶6        A settlement agreement is a contract, and, as such, will be enforced in accord with contract law.  *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011).  The Board will enforce a settlement agreement which has been entered into the record in the same manner as a final Board decision or order.  *Id.*  Where the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance.  *Id.*  The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence.  *Id.*

Although the agency materially breached the settlement agreement by failing to prepare and process the appellant's new performance ratings within 30 days of the execution of the agreement, the agency is now in compliance and there is no further relief available to the appellant.

¶7        In order to establish a breach of a settlement agreement, the petitioning party "must show material noncompliance" with a term of the contract.  *Walker-King v. Department of Veteran Affairs*, 119 M.S.P.R. 414, ¶ 9 (2013).  A breach of a settlement agreement is material when it relates to a matter of vital importance or goes to the essence of the contract.  *Kitt v. Department of the Navy*, 116 M.S.P.R. 680, ¶ 11 (2011).

¶8        In his Board appeal, the appellant identified his dissatisfaction with his performance ratings as one of the bases for his appeal.  IAF, Tab 2.  Thus, the changes to the performance ratings were of vital importance to the contract.  *See Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 11 (2014) (finding that the removal of a reprimand from the appellant's Official Personnel File went to the essence of the parties' settlement agreement resolving the appellant's

individual right of action appeal where the appellant identified the reprimand as one of the personnel actions that the agency allegedly took against him in retaliation for making protected disclosures).  Although the settlement agreement specifically required the agency to prepare and process the appellant's new performance ratings within 30 days of the execution of the settlement agreement (i.e., by December 19, 2012), the agency did not make those changes until January 18, 2013.  *See* CAF, Tab 1 at 57, 59.  We find that, because the changes to the appellant's performance ratings went to the essence of the contract, the agency's failure to make those changes within 30 days, as required by the contract, was a material breach of the agreement.  *See Kitt*, 116 M.S.P.R. 680, ¶¶ 2-3, 9, 11 (finding that the agency materially breached a settlement agreement by retaining a record of the appellant's removal despite a provision in the agreement requiring it to change the removal to a 30-day suspension).  Because the agency breached a material provision of the settlement agreement, the appellant is not required to establish that the breach caused him actual harm.  *See Mullins v. Department of the Air Force*, 79 M.S.P.R. 206, ¶ 11 (1998) (the breach was material not because it resulted in a monetary loss but because the breached provision was material to the agreement).

¶9      When one party commits a material breach of a settlement agreement, the other party ordinarily is entitled to either enforce the settlement agreement or to rescind it and to reinstate the appeal.  *Kitt*, 116 M.S.P.R. 680, ¶ 12.  If a settlement agreement is rescinded, the settlement terms become inoperative, and the parties are essentially restored to the status quo ante.  *Id.*  An appellant who chooses to rescind a settlement agreement risks losing any benefits he received under the agreement.  *Id.*  If the appellant chooses to rescind the agreement, then his Board appeal must be adjudicated on the merits.  *Id.*

¶10     In this case, the appellant has stated that he is seeking compensatory damages and reinstatement of his informal EEO complaint.  CAF, Tab 1 at 1, 4, Tab 11 at 3; CPFR File, Tab 1.  The actions the appellant asks the Board to take

are not within its authority. *See Smith v. Department of the Army*, 72 M.S.P.R. 676, 679 (1996) (the Board lacks authority to award damages for breach of a settlement agreement). Further, although the appellant has repeatedly stated that he would like his EEO complaint reinstated, he has never indicated that he would like his Board appeal reinstated. Thus, it appears that the appellant does not wish to reinstate his Board appeal. Therefore, the Board will not order rescission of the settlement agreement and reinstatement of the appellant's Board appeal.[2] *See Burke*, 121 M.S.P.R. 299, ¶ 13. Furthermore, because the agency has already effected the changes to the appellant's performance ratings, there is no meaningful relief the Board can provide, and the appellant's petition for enforcement regarding the changes in his performance ratings is, therefore, moot. *See id.* (citing *Bables v. Department of the Army*, 86 M.S.P.R. 171, ¶¶ 19-20 (2000) (dismissing a petition for enforcement as moot despite the agency's delayed compliance in purging a document from the appellant's file)).

The administrative judge otherwise correctly denied the appellant's petition for enforcement.

¶11    In support of his petition for enforcement, the appellant argued that the agency discriminated against him and harassed him both before and after the settlement agreement in an effort to make him quit his position. CAF, Tab 1 at 1-3, Tab 7 at 1-7, Tab 11 at 1-3. It is well settled that implicit in any agreement, as under other contracts, is a requirement that the parties fulfill their respective contractual obligations in good faith. *Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 323 (1995). A party may breach a settlement agreement by acting in bad faith concerning a settlement term, and an appellant may establish that an agency breached the settlement agreement by showing that the

---

[2]It also would be infeasible to restore the parties to the status quo ante, given some of the terms of the agreement (e.g., the change in the appellant's supervisor, his attendance at two sessions on supervisory training) and the fact that the appellant has transferred to another agency. *See* IAF, Tab 18 at 5-6; CAF, Tab 1 at 1, Tab 7 at 3.

agency's post-settlement harassment and retaliation against him constituted bad-faith noncompliance with a term of the agreement. *Id.* at 323-24. "Bad faith" is not simply bad judgment or negligence but instead implies conscious wrongdoing because of dishonest purpose or moral obliquity. *See Silva v. U.S. Postal Service*, 59 M.S.P.R. 268, 272 (1993) (quoting Black's Law Dictionary (6th Ed.), *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). A mere showing of some frictions, misunderstandings, or unpleasantness between the appellant and other employees or management is insufficient to establish bad-faith noncompliance with a term of the agreement. *Stasiuk v. Department of the Army*, 118 M.S.P.R. 1, ¶ 7 (2012). The Board may only consider the appellant's allegations that the agency's post-settlement actions constituted retaliation for filing and settling his Board appeal to the extent that his allegations pertain to the alleged breach of the settlement agreement. *Burke*, 121 M.S.P.R. 299, ¶ 15.

¶12    The administrative judge found that the appellant failed to show that the agency engaged in bad faith in implementing a term of the settlement agreement. CID at 7. Specifically, the administrative judge found that some of the incidents of alleged harassment, such as his placement on administrative leave and his proposed removal, are the subject of an EEO complaint the appellant filed in 2013, and she explained that the Board lacks jurisdiction to decide those claims in a petition for enforcement. CID at 8 (citing *Walker-King*, 119 M.S.P.R. 414, ¶ 15). The administrative judge further found that the appellant's remaining allegations either did not relate to the agency's implementation of a term of the settlement agreement or are in the nature of a friction or unpleasantness (e.g., his claim that his new supervisor directed him not to send emails directly to his former supervisor). CID at 8.

¶13    On review, the appellant does not specifically challenge (and we discern no reason to disturb) the administrative judge's explained finding that the appellant failed to meet his burden of proving that the agency's actions constituted bad-faith noncompliance with the parties' settlement agreement. Rather, the

appellant argues that the motivation for these actions "can only be fully comprehended by reinstatement of the [informal] EEO complaint." CPFR File, Tab 1. As previously stated, however, the Board does not have the authority to reinstate that complaint.

¶14   Therefore, we dismiss as moot the appellant's petition for enforcement concerning the changes to his performance ratings and AFFIRM the compliance initial decision regarding the appellant's claim of bad-faith noncompliance with the settlement agreement.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.